D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EARL FORSYTHE,

                Plaintiff,

      -against-

U.S. NATIONAL LABOR RELATIONS
BOARD,

                Defendant.
-----------------------------------------------------------------X

**ORDER**

14-CV-03127 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On May 19, 2014, Plaintiff Earl Forsythe brought this pro se action against Defendant the U.S. National Labor Relations Board, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Compl. (Dkt. 1).) Plaintiff seeks the release of certain information that Defendant redacted in response to Plaintiff's FOIA request as well as two intra-agency memoranda that Defendant has withheld. (Third Am. Compl. (Dkt. 31).) On April 7, 2015, Defendant filed a fully briefed motion for summary judgment. (Mot. for Summ. J. (Dkt. 47).) On October 8, 2015, the undersigned referred Defendant's motion to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order Referring Mot. (Dkt. 53).) On February 16, 2016, Judge Bloom issued an R&R recommending that the court grant Defendant's motion. (R&R (Dkt. 54).) Specifically, Judge Bloom determined that Defendant's redactions were proper under FOIA Exemptions 6 and 7(C). (Id. at 8.) As for the two memoranda, Judge Bloom found that they were properly withheld in their entirety under FOIA Exemption 5. (Id. at 13.)

1

Plaintiff timely objected to the R&R (Obj. to R&R (Dkt. 55)), and Defendant submitted a reply in opposition to Plaintiff's objections (Reply in Opp'n (Dkt. 56)). For the following reasons, Plaintiff's objections are OVERRULED and the R&R is ADOPTED IN FULL.

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the [R&R] to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Furthermore, "[a]n objection to [an R&R] in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG) (RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008). "A decision is 'clearly erroneous'

when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Plaintiff's objections are simply a numbered list of citations referencing a law review article and portions of a Department of Justice guide to FOIA. (See Obj. at 2-4.) Plaintiff does not explain how these citations support his complaint or undermine the reasoning of Judge Bloom's R&R. (See id.) Furthermore, these citations refer to FOIA Exemptions 7(A) and (D), proactive disclosures under 5 U.S.C. § 552(a)(2), "final-decision" memoranda issued by the General Counsel's Division of Advice, and the general duty to exhaust administrative remedies. (Id.) None of these provisions or issues are raised by Plaintiff's complaint, and none apply to Judge Bloom's R&R, which found that Defendant's redactions were warranted under Exemptions 6 and 7(C), and that the two memoranda were "pre-decisional" and thus fell within the scope of Exemption 5. (See R&R at 8, 13.) Plaintiff's objections are therefore "not specific enough" to warrant de novo review. Mario, 313 F.3d at 766. Therefore, the court reviews the R&R for clear error and finds none. Even under de novo review, the court reaches the same conclusions as Judge Bloom.

Accordingly, the court OVERRULES Plaintiff's objections, ADOPTS IN FULL the R&R, and GRANTS Defendant's motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3